IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY HUNTER | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. L-08-1095 |
| WARDEN FILBERT, et al., | * | |
| Defendants. | * | |

******

**MEMORANDUM**

Pending is Defendant Filbert's Motion to Dismiss or for Summary Judgment and Supplement thereto. (Paper Nos. 16 and 19). Plaintiff has not filed a response.[1] No oral argument is necessary because the issues are fully briefed. See Local Rule 105.6 (D. Md. 2008). For the reasons stated below, the Court will, by separate Order, grant Defendant's Motion for Summary Judgment.

**I.     Background**

Plaintiff (hereinafter "Hunter") states that in January, 2007, his teeth were removed by Defendant Brown and he was told that he would be provided dentures. He states that he was deliberately not provided dentures. (Paper Nos. 1 and 5).

The uncontroverted records demonstrate that on November 29, 2007, Hunter submitted a sick call slip wherein he requested, inter alia, that his tooth be pulled. (Paper No. 16, Ex. 1). Plaintiff was evaluated by the dentist on December 1, 2007, and course of treatment planned

---

[1]Pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), on January 13, 2009 and January 22, 2009, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. (Paper Nos. 18 and 20). Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. (*Id.*).

including extraction of some of Hunter's teeth and the provision of partial upper and lower dentures. Id., Ex. 2, p. 1.  Plaintiff returned to the dentist on December 18, 2007, January 11, 2008, and February 12, 2008, for a series of tooth extractions.  Id., p. 2-3.  Plaintiff failed to appear for his scheduled dental appointment on March 4, 2008, due to his work schedule.  On March 6, 2008, he was seen by the dentist and the process of preparing dentures begun. He was again seen by the dentist on April 21, 2008, and impressions for the dentures were made.  Id. Hunter was released from incarceration on May 15, 2008. Id., Ex. 3.

## II.   Standard of Review

A Motion for Summary Judgment is governed by Fed. R. Civ. P. 56(c), which provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).

The Court should "view the evidence in the light most favorable to....the non-movant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The Court must, also however, abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

**III.    Analysis**

Respondeat Superior

Hunter has alleged no personal involvement by Defendant Filbert in the dental care provided. Rather, Hunter appears to contend that Filbert is named because he exercises supervisory authority over correctional and medical employees  The doctrine of *respondeat superior* does not apply to actions under 42 U.S.C. §1983. See  Monell v. New York Dept. of Social Services, 436 U.S. 658, 691 (1978).   In order for supervisory liability to exist in a §1983 action, it must be established:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted); see also Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984). Deliberate indifference is more than negligence.  As one court

explained:

> Generally, a failure to supervise gives rise to a §1983 liability, however, only in those situations in which there is a history of widespread abuse. Only then may knowledge be imputed to the supervisory personnel. A single act or isolated incident are normally insufficient to establish supervisory inaction upon which to predicate §1983 liability.

Wellington v. Daniels, 717 F.2d 932, 936 (4th Cir. 1983) (citations and footnote omitted).

Plaintiff has not pointed to any specific action or inaction on the part of Warden Filbert that in any way contributed to his injuries. Supervisory officials are entitled to rely on medical judgments made by prison medical providers. See Miltier v. Beorn, 895 F. 2d 848, 854-55 (4th Cir. 1989); see also Shakka v. Smith, 71 F. 3d 162, 167 (4th Cir. 1995). Accordingly, Filbert's Motion for Summary Judgment shall be granted.

### Medical Care

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. See Gregg v. Georgia, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." De'Lonta v. Angelone, 330 F. 3d 630, 633 (4th Cir. 2003), citing Wilson v. Seiter, 501 U.S.294, 297 (1991). To state an Eighth Amendment claim for denial of medical care, Hunter must demonstrate that the actions of Defendants (or their failure to act) amounted to deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. See Farmer v. Brennan, 511 U.S. 825, 837

(1994). Hunter has not specified any conduct on the part of any of the named Defendants which indicate they interfered with his access to health care. Moreover, Hunter has failed to allege, much less demonstrate, that he has suffered any harm as a result of the conduct of Defendants. The records demonstrate that Hunter was seen by the Brown soon after submitting his sick call slip complaining of tooth pain. Hunter was seen regularly thereafter and the course of treatment planned by Brown was followed. Hunter's diseased teeth were extracted and steps were taken to fit Hunter with dentures. That Hunter was released from incarceration prior to receiving his dentures does not demonstrate a deliberate indifference to his serious medical need. Once Hunter was released from custody, there was no longer a duty to provide medical care. See DeShaney v. Winnebago, 489 U.S. 189, 200 (1989) (state has duty to provide medical care only when it so "restrains an individual's liberty that it renders him unable to care for himself.") Accordingly, even if Brown had properly been served with the Complaint, he would be entitled to summary judgment.

**IV.   Conclusion**

Defendant Filbert is entitled to summary judgment in his favor based on the undisputed facts presented. Hunter's Complaint against Defendants Brown, Dental Department, Male Dentist, Female Dentist, Dental Assistant, and Medical Department shall be dismissed. A separate order follows.

July 17, 2009                                           /s/
Date                                                    Benson Everett Legg
                                                        Chief Judge